UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ABDELRAHMAN F. BADER, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:18-cv-02169 |
| SOUTHWEST CREDIT SYSTEMS, L.P., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes ABDELRAHMAN F. BADER ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd., complaining as to the conduct of SOUTHWEST CREDIT SYSTEMS, L.P. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") pursuant to 815 ILCS 505/1.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

4. Plaintiff is a 30 year old person residing at 5431 West 83rd Street, Burbank, Illinois, which falls within the Northern District of Illinois.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant labels itself as "a leading national provider of accounts receivable management and consumer service solutions."[1] With a principal office located at 4120 International Parkway, Suite 1100, Carrollton, Texas, Defendant is in the business of collecting consumer debts for others throughout the country, including in Illinois.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all time relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. During the summer of 2017, Plaintiff began receiving calls to his cellular phone, (312) XXX-4106, from Defendant.

10. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -4106. Plaintiff is and has always been financially responsible for the cellular phone and its services.

---

[1] http://www.swcconsumer.com/about.html

11. Plaintiff's phone number ending in -4106 has been registered on the National Do-Not-Call Registry for approximately one year.

12. Defendant has used several different area codes and phone numbers when placing calls to Plaintiff's cellular phone, including but not limited to: (312) 878-8614, (312) 878-8615, (312) 878-8611, (312) 548-9648, (312) 548-9626, and (312) 548-9653.

13. Upon information and belief, the aforementioned phone numbers are regularly utilized by Defendant during its debt collection activities.

14. When Plaintiff answers Defendant's phone calls, he experiences an automated message and noticeable pause, lasting a handful of seconds in length, before he is connected with a live representative.

15. Upon speaking with one of Defendant's representatives, Plaintiff was informed that Defendant was seeking to collect upon a debt owed by an individual who is unknown to Plaintiff.

16. Plaintiff does not owe any debt to Defendant and was unaware of the individual Defendant was seeking to collect upon, so Plaintiff was confused as to why Defendant was contacting him.

17. Plaintiff has spoken with Defendant's representatives on a number occasions and has informed them that he is not the individual whom Defendant is seeking to collect upon, and has demanded that Defendant stop contacting him.

18. Despite Plaintiff's demands, Defendant continued its behavior of placing mass phone calls to Plaintiff's cellular phone using different phone numbers.

19. Due to the incessant nature of these contacts, Plaintiff sent, via certified mail, a letter to Defendant's headquarters, demanding that Defendant stop contacting him.

20. In spite of Plaintiff reiterating his demands to Defendant in writing, Defendant's harassing phone calls have persisted into 2018, giving Plaintiff no choice but to contact his attorneys to commence suit.

21. Defendant has also called Plaintiff's cellular phone multiple times during the same day, despite having notice that it was contacting an innocent party who has no relationship to Defendant.

22. In sum, Plaintiff has received at least 50 unconsented calls from Defendant to his cellular phone, all intended for this unknown individual.

## DAMAGES

23. Plaintiff has been unduly inconvenienced and harassed by Defendant's unremitting and unlawful attempts to collect upon a debt for which he has no obligation.

24. Plaintiff has suffered emotional distress and mental anguish, as a direct result of the unlawful collection practices of Defendant.

25. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

26. With the goal of specifically addressing Defendant's conduct, as his oral attempts at the same were unfruitful, Plaintiff was forced to incur fees associated with purchasing stamps and sending a certified letter.

27. Defendant's phone harassment campaign has caused Plaintiff actual harm, including but not limited to, invasion of privacy, aggravation that accompanies unsolicited telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

28. Frustrated over the persistent calls, Plaintiff spoke with Sulaiman regarding his rights resulting in costs and expenses.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

29. Plaintiff repeats and realleges paragraphs 1 through 28 as though full set forth herein.

30. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

31. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

32. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant identifies itself as a debt collector and has been a member of the Association of Credit and Collection Professionals ("ACA") since 1977.[2]

33. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes

    a. **Violations of FDCPA §1692b & c(b)**

34. The FDCPA, pursuant to 15 U.S.C. §1692b, prohibits a debt collector from "communicating with any person other than the consumer for the purpose of acquiring location information about the consumer." Additionally, under §1692b(3), a debt collector "shall not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information." Furthermore, under §1692c(b), "without the prior consent of the consumer given directly to the debt collector…a debt collector may not communicate, in connection with the collection of any

---

[2] http://www.acainternational.org/search#memberdirectory

debt, with any person other than the consumer, his attorney, a consumer reporting agency…the attorney of the creditor, or the attorney of the debt collector."

35. Defendant violated §1692b, b(3), and c(b) by contacting Plaintiff on a number of occasions seeking to collect upon a debt owed by an individual with whom Plaintiff is unfamiliar. Plaintiff explicitly notified Defendant that he was not the individual it was looking for and demanded that it stop calling. Defendant had more than enough information to know that the number it was calling did not belong to the underlying debtor, especially since Plaintiff even sent Defendant a letter to cease its contacts. Armed with this information, Defendant still continued to call Plaintiff's cellular phone multiple times without his consent.

### b. Violations of FDCPA §1692c(a)(1) and §1692d

36. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

37. Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to stop and that Plaintiff was not the underlying debtor. Defendant called Plaintiff at least 50 times after he demanded that it stop and after becoming aware that Plaintiff was not the party it was seeking. This repeated behavior of systematically calling Plaintiff's phone in spite of his demands was harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

38. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to him.

6

### c. Violations of FDCPA § 1692e

39. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

40. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

41. Defendant violated §1692e and e(10) when it used deceptive means to collect or attempt to collect the subject debt. Defendant repeatedly contacted the wrong party seeking to collect upon a debt, and was even notified by Plaintiff that it was calling the wrong person and to stop calling. Nevertheless, Defendant called Plaintiff at least 50 times in a deceptive attempt to force him to answer its calls and ultimately make a payment, even though he was not responsible for the debt. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him via an automated system when, not only did it not have consent in the first place, but was also subsequently told to stop calling.

### d. Violations of FDCPA § 1692f

42. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

43. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by repeatedly calling Plaintiff over 50 times asking to speak with an individual who was not Plaintiff. Attempting to coerce Plaintiff into payment by placing voluminous phone calls after becoming privy to the fact that it is contacting the wrong person and being told to stop calling is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

7

44. As pled in paragraphs 23 through 28, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, ABDELRAHMAN F. BADER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

45. Plaintiff repeats and realleges paragraphs 1 through 44 as though fully set forth herein.

46. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent.

47. The TCPA, pursuant to 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

48. Defendant used an ATDS in connection with its communications directed towards Plaintiff. The automated message and noticeable pause, lasting several seconds in length, which Plaintiff experiences during answered calls before being connected to a live representative of Defendant is instructive that an ATDS was being used. Similarly, the frequency and nature of Defendant's calls strongly suggests that an ATDS is being utilized.

49. Defendant violated the TCPA by placing mass phone calls to Plaintiff's cellular phone using an ATDS without his consent. Plaintiff does not have any business relationship with Defendant nor has he ever given it permission to call his cellular phone. Defendant was contacting Plaintiff looking for a different individual who has no relation to Plaintiff. As such, Plaintiff could not have given Defendant consent to contact him, but yet, he still continued to receive over one hundred phone calls intended for this unknown individual.

50. Not only did Plaintiff notify Defendant's representatives during phone conversations that he was not the individual it was looking for and to stop contacting him, but Plaintiff also mailed Defendant a letter reflecting the same.

51. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

52. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Calling an innocent individual over 50 times is willful and knowing behavior, especially after Plaintiff notified Defendant, *in writing,* that he was not the person it was seeking to collect upon and to stop contacting him. Defendant was aware that it was contacting the wrong person but consciously chose to proceed in light of that knowledge in an attempt to harass Plaintiff into submission. Defendant did not have a legal right to contact Plaintiff, but its conduct exemplifies that Defendant will attempt to extract payment out of innocent consumers. WHEREFORE, Plaintiff, ABDELRAHMAN F. BADER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

9

b. Enjoining Defendant from placing any more phone calls to Plaintiff's cellular phone;

c. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

d. Awarding Plaintiff costs and reasonable attorney fees; and

e. Awarding any other relief as this Honorable Court deems just and appropriate

## COUNT III – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

53. Plaintiff restates and realleges paragraphs 1 through 52 as though fully set forth herein.

54. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

55. Defendant's collection calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

56. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

57. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS when it never had his consent to do so. Defendant placed over 50 phone calls to Plaintiff's cellular phone, with the intent of collecting upon a different individual who had no relation to Plaintiff whatsoever. Defendant's egregious and unfair behavior does not just end there. Defendant was notified by Plaintiff that it was continuously calling the wrong person, and was told

to cease its contacts during a handful of phone conversations. However, Defendant ignored Plaintiff's demands and continued its harassing conduct. Subsequently, Plaintiff mailed Defendant a letter indicating that Defendant was contacting the wrong person and to cease contacting Plaintiff immediately. Nonetheless, Defendant's conduct ensued, prompting Plaintiff to file this action.

58. Defendant also placed multiple calls to Plaintiff's cellular phone during the same day. Placing several calls in a short amount of time is extremely harassing behavior that amounts to unfair practice, especially when the phone calls are not intended for Plaintiff.

59. Following its characteristic behavior in placing voluminous calls to consumers, Defendant engaged in an unfair and deceptive act, willfully done with the hope that Plaintiff would be compelled to make payment, even though he is not the debtor whom Defendant was seeking to collect upon. Further, Defendant intended that Plaintiff rely on its unfair and deceptive conduct. Defendant had been notified several times of Plaintiff's identity yet still relentlessly contacted Plaintiff. Armed with this knowledge, there would be little reason for continued and relentless contact unless Defendant was intending that Plaintiff rely on its conduct to answer its calls and ultimately extract payment from him.

60. Plaintiff lacks a meaningful choice to go about avoiding Defendant's contacts, which places an unreasonable burden on Plaintiff to try and address Defendant's conduct. This further underscores the immoral, unethical, oppressive, and unscrupulous nature of Defendant's conduct which is contrary to public policy.

61. As "a leading national provider of accounts receivable management and consumer service solutions."[3], Defendant had safeguards in place to avoid repeatedly calling parties who have expressed their desires to not be contacted. Despite these safeguards, Defendant systematically

---

[3] http://www.swcconsumer.com/about.html

engaged in collection activity against Plaintiff. The volume of phone calls conveys that Defendant engaged in behavior that goes beyond a bona fide error, as it could have readily noticed that it was incessantly calling the wrong individual who has no relationship with it, especially in light of Plaintiff's written request.

62. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

63. Defendant's conduct of placing incessant telephone calls to an individual without that individual's consent involves trade practices directed to the market generally and which otherwise implicate consumer protection concerns.

64. Plaintiff was the subject of Defendant's incessant and relentless collection efforts, even though it had no relationship with Defendant and had not consented to the contacts. Regardless of whether a consumer actually owes a debt to an entity like Defendant, the nature of Defendant's conduct in placing relentless phone calls after consent for such calls had been explicitly revoked, is behavior which impacted Plaintiff and which would similarly impact other consumers. Such conduct raises serious consumer protection concerns as entities like Defendant must not be given free rein to harass consumers by placing excessive telephone calls without consumer consent. The relief requested below serves the interests of consumers by ensuring this pervasively unfair conduct is addressed.

65. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

66. As pled in paragraphs 23 through 28, Plaintiff has suffered actual damages as a result of Defendant's unlawful practices. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a.

67. An award of punitive damages is appropriate because placing over 50 phone calls after having verbal and written demands to cease such conduct is hallmark of outrageous, willful and wanton behavior. Especially since these calls were intended for a different individual, Plaintiff innocently had to endure an assault of his rights. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Illinois and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, ABDELRAHMAN F. BADER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: March 26, 2018                                    Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

s/Taxiarchis Hatzidimitriadis
Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 581-5858 (phone)
(630) 575-8188 (fax)
thatz@sulaimanlaw.com